UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BERTY B. WIGGINS, ET AL.                    CIVIL ACTION NO. 12-0541

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

CHESAPEAKE ENERGY CORP.,                     MAGISTRATE JUDGE HORNSBY
ET AL.

### MEMORANDUM RULING

Before this Court is a Motion to Dismiss filed pursuant to Rule 12(b)(6). See Record Document 4. The motion was filed May 05, 2012 by Defendants Chesapeake Energy Corporation, Chesapeake Louisiana, L.P., Chesapeake Operating, Inc., and Chesapeake Energy Marketing, Inc. (hereinafter collectively referred to as "Chesapeake"). Plaintiffs Berty B. Wiggins and the Ben & Carolyn Wiggins Class Trust (hereinafter collectively referred to as "the Wiggins") opposed the motion on May 15, 2012. See Record Document 8. Chesapeake filed a reply on May 24, 2012. See Record Document 9. For the following reasons, the Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(6).

### BACKGROUND

The Wiggins' complaint concerns royalty payments stemming from approximately 260 leased acres in Bienville and Red River Parishes. See Record Document 1 at ¶ 4, Exhibits 1-7 (Leases). The Wiggins assert that Chesapeake failed to pay the correct amount of royalties due. See id. at ¶ 25. The complaint seeks declaratory relief and asserts causes of action for breach of contract, violation of the Louisiana Mineral Code, violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), and unjust enrichment. See id. at ¶¶ 19-40. All of the causes of action stem from the same premise, Chesapeake's alleged underpayment of royalties. See id.

In response to the Wiggins' complaint, Chesapeake filed both an Answer and a Rule 12(b)(6) Motion to Dismiss the unjust enrichment claim. See Record Documents 4-5. Chesapeake argues that the unjust enrichment claim should be dismissed because it is a "subsidiary remedy available only when a plaintiff has no other remedy available at law." Record Document 4-1 at 3. The Wiggins oppose the motion, relying on case law holding that an alternative pleading of unjust enrichment is permissible. See Record Document 8 at 4. Chesapeake filed a reply, maintaining that the present case is factually distinguishable from those upon which the Wiggins rely. See Record Document 9.

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Standard.

Chesapeake's Motion to Dismiss is filed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). In addressing a motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). In other words, the plaintiff's factual allegations, when assumed to be true, must raise a right to relief above the speculative level. See Bell Atlantic Corp., 550 U.S. at 555-556, 127 S.Ct. at 1965. Further, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, courts will address the basic deficiency "at the point of minimum expenditure of time and money by

the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

## II. Unjust Enrichment Claim.

Under Louisiana law, a claim for unjust enrichment is governed by Civil Code Article 2298. The relevant portion provides:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. *The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.*

La. C.C. Art. 2298 (emphasis added). The Louisiana Supreme Court has held that "the unjust enrichment remedy is 'only applicable to fill a gap in the law where no express remedy is provided.'" Walters v. MedSouth Record Mgmt., LLC, 2010-0351 (La. 6/4/10), 38 So.3d 245, 246. The Walters court held that, "[b]ecause the law provided plaintiff with another remedy, we find he has failed to state a cause of action in unjust enrichment." Id. at 247. Likewise, in Hall v. James, 43,263 (La.App. 2 Cir. 6/4/08), 986 So.2d 817, the Louisiana Second Circuit noted that Article 2298 provides that unjust enrichment is a remedy of last resort, available only when no other remedy is available. See id. at 820 ("Certainly, the plaintiffs have a cause of action against Samson to recover for the underpayment of royalties to them and overpayment to the Jameses. Therefore, the requirement that the plaintiffs have no other remedy at law is not satisfied."). Here, Chesapeake argues that because of the available and pled claims for breach of contract and violation of the Louisiana Mineral Code, the Wiggins cannot state a claim for unjust enrichment.

The Wiggins argue that their unjust enrichment claim should survive dismissal because an alternative pleading is permissible and well accepted. See Record Document

8 at 4-6. The Court is unconvinced by this argument due to the rationale set forth in Conerly Corp. v. Regions Bank, No. 08-813, 2008 WL 4975080, 9 (E.D.La. Nov. 20, 2008):

> "It is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied." Garber v. Badon & Ranier, 981 So.2d 92, 100 (La.Ct.App. 2008). ***That plaintiffs have pled their claims against AmSouth/Regions in the alternative also does not change that plaintiffs have a cause of action for breach of contract against Beechgrove.*** Unjust enrichment is a remedy of last resort under Louisiana law and "is only applicable to fill a gap in the law where no express remedy is provided." Board of Sup'rs of La. St. Univ., 984 So.2d at 81. Plaintiffs have several other remedies at law for their alleged "unjust impoverishment," both against defendants and against Beechgrove. Plaintiffs therefore fail to state a claim for unjust enrichment.

Id. at *9 (emphasis added); see also O'Gea v. Home Depot USA, Inc., No. 08-4744, 2009 WL 799757, *6 (E.D.La. March 20, 2009) ("Because O'Gea has alternative remedies at law, he cannot assert a claim for unjust enrichment."). Thus, the Wiggins' alternative pleading argument fails.

The Wiggins further maintain that "because the Court has not determined a valid contract exists, Defendant's request [for a 12(b)(6) motion] is premature." Record Document 8. Specifically, the Wiggins rely heavily upon Jewel Williams v. Chesapeake Operating, Inc., et al., Civil Action No. 10-1906, United States District Court, Western District of Louisiana, Shreveport Division. In Williams, Judge Foote denied Chesapeake's motion to dismiss the plaintiff's unjust enrichment claim under Rule 12(b)(6), reasoning that such dismissal was premature because it has not yet been determined whether a valid contract existed to provide her with an available remedy at law. See Record Document 38 at 5-6, Jewel Williams v. Chesapeake Operating, Inc., et al., Civil Action No. 10-1906, United States District Court, Western District of Louisiana, Shreveport Division.

This Court finds that the Wiggins' prematurity argument likewise fails, as the

Williams case is inapplicable to this matter because it is factually distinguishable. Here, the Wiggins contend in their opposition that no determination has been made as to the validity of the lease contracts. See Record Document 8 at 6. However, the Wiggins' complaint acknowledges the existence of mineral leases and specifically contends that they are not being paid royalties "as required under the Leases." Record Document 1 at ¶¶ 5, 7, 11, 14. Additionally, in the answer, Chesapeake admitted that "Defendant Chesapeake Louisiana, LP presently holds the mineral lessee rights with respect to the mineral lease granted by [the Wiggins]." Record Document 5 at ¶ 5. Thus, the pleadings in this matter negate the need for a judicial determination as to whether there is a valid contract under which the Wiggins can seek relief. By virtue of the complaint and answer, there are judicial admissions establishing the existence of a valid contract, in contrast to the Williams case wherein it had not yet been determined whether a valid contract existed.

## CONCLUSION

Based on the foregoing, the Court finds that dismissal under Rule 12(b)(6) is appropriate because the alternative pleading and prematurity arguments asserted by the Wiggins fail. Thus, Chesapeake's Motion to Dismiss (Record Document 4) is **GRANTED** and the Wiggins' unjust enrichment claim is **DISMISSED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 20th day of August, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE